## THE M. PUGH COMPANY

*v.*

## CELIA W. WALLACE *et al.*

*Opinion filed October 25, 1902.*

198   422
198   ⁶541
198   422
e200   ⁶295
200   ⁷297
198   422
205   324
106a   ⁶ 47
198   422
111a   ⁶ 17
111a   ⁶ 18
111a   ⁶ 19
198   422
113a   ⁷502

1. APPEALS AND ERRORS—*when an appeal will not be dismissed for irregularity.* If the individuals composing a partnership are made defendants to a bill, an appeal prayed by the partnership and regularly allowed, and perfected by the execution of a bond by the individual members of the firm, will not be dismissed for irregularity.

2. SAME—*when denial of appeal does not bar assignment of cross-errors.* That one of several defendants to a bill is denied an appeal from the judgment of the Appellate Court does not deprive him of the right to assign cross-errors in the Supreme Court if he appears there as an appellee.

3. SAME—*several amounts of mechanics' liens cannot be added to make jurisdictional amount.* Intervening petitions for mechanics' liens on behalf of separate parties are separate suits, and the several amounts thereof cannot be added so as to make the jurisdictional amount necessary to authorize an appeal to the Supreme Court.

4. SAME—*effect where intervening petitioner appears as appellee.* If the amount claimed in an intervening petition for a mechanic's lien does not equal $1000, the fact that the petitioner appears as appellee in the Supreme Court does not entitle him to assign cross-error upon the disallowance of his claim in the court below unless he has obtained a certificate of importance.

5. SAME—*fact that contractor's claim is over $1000 does not give jurisdiction of sub-contractor's claim.* The fact that the original contractor's claim for lien exceeds $1000 does not give the Supreme Court jurisdiction to pass upon the disallowance of a sub-contractor's claim of less than $1000 in the absence of a certificate of importance, since the claims are distinct and the right of the sub-contractor to recover does not depend upon the contractor's success in establishing his lien.

6. MECHANICS' LIENS—*when lien cannot be allowed under verbal contract.* Under the act of 1895 a mechanic's lien cannot be allowed under an express verbal contract of the parties which fixes no time within which the work shall be done or the materials furnished and no time when the same shall be paid for.

7. SAME—*what essential to lien under verbal contract.* Section 6 of the Mechanic's Lien act, providing that if work is done under a verbal contract "no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made

within such time," is not satisfied by the completion of the work within one year, but means that the work must be so completed *by the terms of the contract,* which must also provide for final payment within such year.

Harvey & Mose Plumbing Co. v. Wallace, 99 Ill. App. 212, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

ELMER H. ADAMS, for appellant.

DUNN & RIPPLE, for appellee the California Manufacturing Company.

BURTON & KANNALLY, and E. S. CUMMINGS, for appellees Wallace and Purcell.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Harvey & Mose Plumbing Company filed in the superior court of Cook county two petitions to enforce mechanics' liens against Celia W. Wallace, owner of two buildings, one described as No. 401 and the other as No. 403 East Superior street, in the city of Chicago. The petition relating to No. 401 was based upon a contract in writing in which no time was fixed for the completion of the work or payment therefor, and for that reason the proceeding was abandoned. The other petition was filed December 19, 1898, and alleges that the complainant is a corporation, and that Celia W. Wallace is the owner of the building No. 403, and was about to alter and repair the same, and that her architects and agents, Jules F. Wegman & Son, applied to the complainant, on or about November 15, 1897, to furnish plumbing, gas fitting, sewerage and hot water heating, and was to receive for the plumbing, sewerage and gas fitting $835, "all to be paid for when completed, payments to be made, however, from

time to time as the work progressed, upon certificate of her agent and architect." It is further alleged that the complainant proceeded and furnished material and labor on various days and dates after May 28, 1898; that during the doing of the work Mrs. Wallace gave directions in person at the premises about changes in the work, which were made at her direction; that she also made changes which necessitated other work and material, all of which appears from exhibit "B" attached; that complainant has complied in every respect with the contract, but that Mrs. Wallace failed to comply; that her superintendent issued certificates for payments of money and that she failed to pay the same, and that there is due complainant $761.04, with interest. It then sets forth the filing of a claim for lien, and prays for a mechanic's lien and accounting, and prays for a summons. Attached to the petition is a written agreement dated November 15, 1897, purporting to be between the petitioner, party of the first part, "and Mrs. Celia W. Wallace, owner, party of the second part," by which the party of the first part agrees to furnish and put in all material and labor required for the plumbing, gas fitting, sewerage and hot water heating in the building known as No. 403, according to the plans, specifications and drawings, (which are declared to be a part of this agreement,) made by Jules Wegman & Son, architects, (acting as agents for said owner,) in a good, substantial and workmanlike manner, to the satisfaction of and under the direction of the superintendent, for which the party of the second part agrees to pay the sums alleged in the petition. This written agreement was signed by the complainant, but not by Mrs. Wallace. It fixed no time for the completion of the work or when payment therefor was to be made. The petition proceeds upon the theory that the contract between the parties was a verbal contract.

The owner entered her appearance on December 30, 1898, and answered the bill, in which she denied that com-

plainant is entitled to the lien prayed for. M. Pugh and William E. Pugh, co-partners trading as the M. Pugh Company, were made defendants, and they filed their answer, which they asked might be treated as an intervening petition, and in which they claimed a lien for carpenter work upon the building to the amount of $1753.27, setting up a verbal contract which fixed no time for the completion of the work or payment therefor. The California Manufacturing Company, another defendant to the original bill, filed its answer, asking that the same be treated as an intervening petition, by which it claimed a lien as a sub-contractor under the M. Pugh Company for $321.48. Charles A. Purcell was also made a defendant as the holder and owner of a note for $10,000, secured by trust deed upon the premises, and he answered the original petition and filed his cross-bill seeking a foreclosure of his said trust deed. To the cross-bill, by agreement of parties, the original and intervening petitions stood as answers, and replications thereto were duly filed. The cause was then referred to the master, who found in favor of the mechanics' liens claimed by the original and intervening petitions, but the chancellor, on exceptions to his report, disapproved the same and disallowed each of said claims, rendering a decree in favor of the complainant in the cross-bill for the amount due on the note and trust deed. From that decree the original complainant, the Harvey & Mose Plumbing Company, appealed to the Appellate Court, and cross-errors were assigned by the California Manufacturing Company and by the M. Pugh Company, but no cross-errors were assigned by the individuals forming the latter company. The Branch Appellate Court affirmed the decree of the superior court. Thereupon the Harvey & Mose Plumbing Company, the appellant there, prayed an appeal to this court, but the prayer was denied. The California Manufacturing Company made no attempt to take an appeal. Neither M. Pugh nor William E. Pugh prayed an appeal in his

individual name, but an appeal was regularly allowed the M. Pugh Company, and perfected by the execution of a bond by the individual members of the firm. The Harvey & Mose Plumbing Company and the California Manufacturing Company have each assigned cross-errors upon the record here and have filed briefs and arguments in support of the same. Celia W. Wallace and Charles A. Purcell entered their motion to dismiss the appeal of the M. Pugh Company and to strike from the files the briefs and arguments on behalf of the Harvey & Mose Plumbing Company and the California Manufacturing Company. That motion has been reserved to the hearing.

The motion to dismiss the appeal is based upon the fact that it was taken by the M. Pugh Company, which, it is said, is not a party to this record. It does appear, however, from the pleadings, and also by the evidence, that the M. Pugh Company was composed of the individuals M. Pugh and William E. Pugh, who were made parties to the original bill, and filed their answer thereto in the nature of an intervening petition. Counsel speaks of this company as a corporation, but there is nothing in the record from which it can be seen that it was other than a mere business partnership. It would have been more regular for the members of the firm to pray the appeal as the M. Pugh Company, but no reason is perceived why the appeal should be dismissed for that irregularity. As we have said, the appeal bond was executed in the name of the co-partnership, the M. Pugh Company, by the individual members of the firm, and they appear here as the real parties appellant. The motion to dismiss the appeal will be overruled.

The motion to strike from the files the briefs and arguments on behalf of the Harvey & Mose Plumbing Company is based, first, upon the fact that it prayed an appeal from the judgment of the Appellate Court, which was denied, and it is said that it therefore has no standing in this court. It appears here as an appellee, and

if it has the right to question the decision of the courts below in disallowing its claim it may do so by the assignment of cross-errors. The fact that it had been denied an appeal would not deprive it of that right.

But a second ground for the motion is, that the claim of said company amounted to only $724.04, and that without a certificate of importance from the Appellate Court this court is without jurisdiction to pass upon the same. The motion as to the California Manufacturing Company is also based upon this last ground,—that is, that its claim is for less than $1000. We held in *Davis* v. *Upham*, 191 Ill. 372, that intervening petitioners for mechanics' liens or material-men's liens filed on behalf of separate parties must be treated as separate suits, and the several amounts allowed as liens cannot be added together in order to make the jurisdictional amount necessary to authorize an appeal from the Appellate Court to the Supreme Court,—following *Paving Co.* v. *Milford*, 100 U. S. 147, and *Stettauer* v. *Boldenweck*, 183 Ill. 187.

It is claimed, however, that the jurisdiction of this court as to these claims must be determined, not by their amounts, but by the amount of the decree in favor of Purcell, because, as is said, that decree makes his note and trust deed a prior lien to those of the claimants in the mechanic's lien proceeding. Such was not the decree of the superior court. That court simply decided and decreed that no mechanics' liens whatever existed against the property. There was no issue in that court (nor in the Appellate Court) as to the priority of the lien of the Purcell mortgage, but the sole question there was whether the claimants were entitled to a lien at all. The amount in controversy in those courts was the amount of the claim set up by each of the claimants without a certificate of importance. Neither the Harvey & Mose Plumbing Company nor the California Manufacturing Company can have a standing in this court to question the correctness of the decision of the Appellate Court. Nor can

428 | PUGH CO. *v.* WALLACE. | [198 Ill.

the contention that these parties are not in this court of their own motion, but as appellees, and therefore entitled to have their claims passed upon, prevail. As to their cross-assignments of errors they occupy the same position they would sustain if they had been appellants, and although they come here as appellees, if they desired to question the decision of the Appellate Court as to the validity of their claims for less than $1000 they should have procured the necessary certificate of importance.

It is also insisted by the California Manufacturing Company that its claim is a part and parcel of the M. Pugh Company's claim, which latter claim is of the proper jurisdictional amount, and that since it is a subcontractor under that company, and as such will be entitled to an allowance of the amount of its claim out of any allowance made to the M. Pugh Company, it is properly before this court. This is a misapprehension. Its claim is in no sense a part of the claim of the original contractor. Its right of recovery does not necessarily depend upon the right of the original contractor to maintain its claim. In other words, the claims are separate and distinct. We are of the opinion that neither of said appellee companies has any standing in this court to have the decision of the Appellate Court reviewed in disallowing its claims.

On the merits of the case between appellant, whose claim is more than $1000, and appellees Wallace and Purcell, the principal question is whether, under the act of 1895, a lien can be enforced where the contract between the parties is an express verbal agreement, which fixes no time within which the work shall be done or the material furnished and wholly fails to provide any time when the same shall be paid for. It is conceded that if the contract attached to the original bill has been signed by Mrs. Wallace no lien could have been enforced by the original petitioner against her property under it. (*Freeman* v. *Rinaker*, 185 Ill. 172; *Kelley* v. *Northern Trust Co.* 190

id. 401.) As before said, the answer of appellant, treated as an intervening petition, does not claim that the time for the performance of the contract on its part,· or payment therefor, was agreed upon by the parties. In fact, the contract is little more than an indefinite order for the work. Section 6 of the act (Hurd's Stat. 1899, p. 1106,) provides: "If the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time." Counsel for appellant says that this language does not mean that "no lien shall be had by virtue of this act" unless the contract shall provide that the work shall be done or material furnished within one year from the date of the contract, but that it is sufficient if the work is done within one year from the date of the contract. We do not think the statute, fairly understood, can be so construed. A contract under which work is to be done or material furnished for a building would be incomplete without in some way fixing a time when or within which the work was to be done or material furnished and payment therefor made, and the language, "unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time," clearly means that the work shall be done or material furnished, and final payment therefor be made, within a year from the date of the contract by the terms and conditions of the contract. Section 1 of the act provides that any person who shall, by contract with the owner of a lot or tract of land, furnish material, etc., for the purpose of building, etc., shall be known, under this act, as a contractor, and shall have a lien. The lien must in every case rest upon a contract between the person claiming the same and the owner of the property, and even if it could be said that such contract might be partly expressed and partly implied, as

under the act of 1874 and the amendment of 1861 to the act of 1845, still it would be necessary to allege in the petition such facts as would show an understanding and agreement between the parties as to when the work should be performed and payment therefor made. The second paragraph of section 1, which provides for extending the lien against other creditors, etc., upon the filing of a statement in the office of the circuit clerk, requires the claimant to specify in his statement "what his contract is for, the amount to be paid, a description of the property, *and the date when delivery of material or work is to be completed.*" And so section 7, relied upon by counsel for appellant as indicating that the contract may be implied as well as expressed, provides for the filing of a claim in the same office, "which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein, or the time implied, for completion and for final payment," etc., so that, in any view of these several sections of the statute, a time must be agreed upon between the parties when the work is to be performed or the material furnished and when payment is to be made. Neither the original nor intervening petition in this case alleges any facts showing that such an agreement existed between the owner of the property in question and the claimants.

It is said in the argument that to hold that where materials are furnished for a building or work is done thereon upon an order by the owner, as is often done, without anything being said as to when the same is to be furnished or performed or payment therefor shall be made, will result in hardship and injustice to parties complying with such order. It is enough to say in answer to this contention, that a mechanic's or materialman's lien is a secret one, existing only by statutes which are in derogation of the common law and opposed to common right, and are always to be strictly construed. The lien is a cumulative remedy, and to deny it does not

deprive a party of the right to a recovery upon his contract in the usual way. In this view other considerations become unimportant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*