HINDERT BROS.

*v.*

THE AMERICAN TRUST AND SAVINGS BANK *et al.*

*Opinion filed October 25, 1902.*

MECHANICS' LIENS—*verbal contract must provide for final payment within one year.* In order that a lien may be claimed under a verbal contract, under the Mechanic's Lien act of 1895, the contract itself must provide that the materials shall be furnished or the work done and that final payment therefor shall be made within one year from the date of the contract, and it is not sufficient that the work is done or materials furnished within one year.

*Hindert Bros.* v. *American T. & S. Bank,* 100 Ill. App. 85, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Woodford county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

J. A. RIELY, for appellants.

GEORGE W. WALL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants, by leave of court, filed their intervening petition in a foreclosure suit commenced by the American Trust and Savings Bank in the Woodford circuit court against the Minonk Coal and Tile Company, claiming a mechanic's lien on the mortgaged property. The court sustained a demurrer to the petition and dismissed it, and the Appellate Court affirmed the decree. This appeal, after a certificate of importance was obtained, was then taken, and the question presented is whether the petitioners are entitled to the lien claimed under the allegations of their petition, which, in substance, are: "That on the said, to-wit, 28th day of April, A. D. 1900, the said Chicago and Minonk Coal and Tile Company made a verbal contract with your complainants to furnish nails,

oils, hardware and other building materials to be used for the purpose of and in building, constructing, altering and repairing the said coal shaft and buildings then on and about to be built, constructed and erected on said premises; that no date was fixed for the final delivery of said materials, but it was implied that these complainants were to complete the delivery of the same within a reasonable time thereafter, to-wit, within one year thereafter, and the Chicago and Minonk Coal and Tile Company was to pay your complainants the usual and market price for said materials, and that a statement of the materials so furnished should be rendered each month by your complainants to said Chicago and Minonk Coal and Tile Company, and no express time was made as to time of payment, but it was implied that if payment was not made at the time a statement of account should be rendered each month, payment should be made within a reasonable time thereafter, to-wit, within one year from said 28th day of April, A. D. 1900; that during the period between the 27th day of April, A. D. 1900, and the 9th day of March, A. D. 1901, these claimants did complete the delivery of all said materials, and did in good faith deliver to the Chicago and Minonk Coal and Tile Company, at said premises, said materials," etc.

In *Freeman* v. *Rinaker*, 185 Ill. 172, we held that under the act of 1895, (Hurd's Stat. 1899, p. 1104,) where the contract is in writing and does not provide for the time of completing the work or for the time of payment, no lien can be had under the statute, and the question is presented by this case whether the same construction should be given to the provisions of the statute relating to verbal contracts. That part of section 6 pertinent to the question is as follows: "If the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made

within such time. If the contract be written, no lien shall be had by virtue of this act, if the time stipulated for the completion of the work or furnishing materials is beyond three years from the date of the contract, or the time of payment beyond one year from the time stipulated for the completion thereof."

In *Freeman* v. *Rinaker, supra,* after quoting the above provisions, it was said that under the statute of 1845 there could be no lien where the contract contained no provision as to the time for completing the work or making payment. That such was the construction of that statute clearly appears from many cases. (*Cook* v. *Heald,* 21 Ill. 425; *Kinney* v. *Sherman,* 28 id. 520; *Kinzey* v. *Thomas,* id. 502; *Scott* v. *Keeling,* 25 id. 316; *Columbus Machine Manf. Co.* v. *Dorwin,* id. 153; *Phillips* v. *Stone,* id. 66; *McClurken* v. *Logan,* 23 id. 77; *Moser* v. *Matt,* 24 id. 199; *Brady* v. *Anderson,* id. 111; *Rogers* v. *Ward,* 23 id. 419; *Cook* v. *Vreeland,* 21 id. 430; *Cook* v. *Rofinot,* 21 id. 437; *Coburn* v. *Tyler,* 41 id. 354.) In 1861 the provisions of the act of 1845 were made applicable to implied as well as express contracts, and where no time was agreed upon and no time fixed for completing the work or furnishing the materials or for making payment. (Laws of 1861, p. 179; see, also, Rev. Stat. 1874, chap. 82.) But in the revision of 1895, as said in the *Freeman-Rinaker case,* the said provisions of the act of 1861 were omitted, and the decisions rendered when those provisions were in force no longer control the question at issue here.

It seems clear from the language of the present act that before a lien can attach certain things must be expressly provided for in the contract, whether it be written or verbal. One of these is the time within which the work is to be done or materials furnished, and the other, the time when or within which payment is to be made, the chief difference between the requirements, as respects the two different kinds of contracts, being in the length of time allowed. In verbal contracts such time is lim-

ited to one year, but in written contracts the limitation is three years for completion and four for payment. In this respect the provisions in question differ from those of the statute of 1845, in which no distinction appears to have been made between verbal and written contracts. In the *Freeman-Rinaker case* it was said (p. 179): "In view, therefore, of the language of section 6 in the act of 1895 and of the construction given by this court to similar language in the act of 1845, it cannot be said that, because no time was expressed in the contract between the parties in the case at bar, a reasonable time should be implied. The contract here was an expressed contract as distinguished from an implied contract, and no time was agreed upon for completion of the work. The law cannot imply any time for completion under such circumstances, and therefore the appellee was not entitled to a lien." So far as distinction is made between express and implied contracts this language is as applicable to verbal as to written contracts. The statute expressly provides that where the materials are furnished under a verbal contract no lien shall be had unless such materials shall be furnished within one year from the date of the contract *and final payment therefor is to be made within that time,*—that is; the contract must provide that payment shall be made within one year from the time when it is entered into. In case of written contracts the time for payment cannot be made to extend beyond one year from the time stipulated for completion of the work. We find no warrant in the statute for holding that because in this case the materials were in fact furnished within the year, it was not necessary, in order to obtain a lien, that the contract should have provided that payment was to be made within that time. The statute requires the contract to fix the time of payment before a lien can attach; and this is so whether such lien is claimed under a verbal or written contract. (See, also, *Pugh Co.* v. *Wallace, ante,* p. 422.) It is no great hardship

for one who desires to avail himself of this statutory lien as an additional security for his demand, to make his contract sufficiently specific, to comply with the simple requirements of the statute in respect to time of performance and time of payment.

We are of the opinion that the demurrer was properly sustained to appellants' petition, and that the judgment appealed from is correct. It will therefore be affirmed.

*Judgment affirmed.*