## Franklin P. Dymond, Admr.

### *v.*

## Catharine Bruhns *et al.*

*Opinion filed December 16, 1902.*

Mechanics' liens—*verbal contract must provide for payment within one year.* A verbal contract will not support a claim for mechanic's lien unless it provides that the work shall be completed and payment shall be made within one year from the date of the contract; and this is true notwithstanding the work was in fact completed within six months.

*Dymond* v. *Bruhns,* 101 Ill. App. 425, reversed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Edmund W. Burke, Judge, presiding.

This is a proceeding to establish a mechanic's lien. On December 30, 1896, the Kimball & Cobb Stone Company filed its petition in the circuit court of Cook county against DeWitt C. Butts, owner, and others, to enforce its claim for a mechanic's lien upon certain lots numbered from 1 to 9, inclusive, in the south division of the city of Chicago. Subsequently, on February 2, 1897, the petition was amended, and appellee, Catharine Bruhns, and eight other owners of notes, secured by certain trust deeds upon the lots in question, were made parties defendant.

On February 1, 1897, appellee, Catharine Bruhns, filed her bill of complaint in the same court to foreclose a trust deed upon lot numbered 2, being one of the nine lots, described in the petition for mechanic's lien above referred to, to which bill, DeWitt C. Butts, owner, the Kimball & Cobb Stone Company, M. J. Roughan, James B. Clow & Sons, appellant's intestate James L. Morris, and other lien claimants, were made parties defendant. Answers by way of intervening petitions were filed to both the petition for lien and bill to foreclose by appellant's in-

testate, James L. Morris, and by the other defendant lien claimants. James B. Clow & Sons, sub-contractors, filed a cross-bill to enforce their claim. All of the mortgagee defendants filed answers to the original petition, and to the cross-bill, and intervening petitions, denying the right of the lien claimants to a lien upon the premises. Replications were filed, the issues made up, and, by order of court entered June 8, 1897, the causes were consolidated, and referred to a master to take the evidence, and report his findings of fact and conclusions of law.

The master found against the claim of Clow & Sons, sub-contractors, and, as to the claim of appellant, Franklin P. Dymond, found that on June 13, 1896, DeWitt C. Butts was indebted to M. J. Roughan, through whom appellant claims, for materials furnished and work done on the property in question, in the sum of $11,000.90, but that said M. J. Roughan, the Kimball & Cobb Stone Company, and another lien claimant, whose claim is not here in controversy, did, by virtue of the issuance of certain waivers of lien, waive and lose all claim to liens on the building and premises in question for work done and materials furnished by them, respectively. The master also found that the trust deeds, held by Catharine Bruhns and the other eight mortgagee defendants, appellees here, were a lien upon the property, and reported in favor of a foreclosure of the same and sale of the property.

A hearing was had in the circuit court on exceptions to the master's report, and the court sustained in part the exceptions to the report by finding "that said Roughan, as against the mortgagees, * * * has waived his right of lien to and upon the said premises, and that his assignee, therefore, has no lien upon the premises as against the several mortgagees, but that said Dymond, as such administrator, has a lien as against the owner, DeWitt C. Butts, on said premises, which lien is subject to the liens of the Kimball & Cobb Stone Company and of the several mortgagees; and the court finds the amount of said claim

to be $13,040.65, and interest from January 16, A. D. 1900, on $11,000.00 thereof, and the sum of $1300.00 for attorney's fees." The court in its decree approved the master's report in finding against the claim of Clow & Sons, and in sustaining the liens of the various mortgagee defendants, and a foreclosure and sale of the property were therein provided for to pay the liens in the order stated.

From this decree of the circuit court James B. Clow & Sons, and the present appellant, Franklin P. Dymond, administrator of the estate of James L. Morris, deceased, prayed and perfected an appeal to the Appellate Court. The Appellate Court has affirmed the decree of the court below, and the present appeal is prosecuted from such judgment of affirmance by the appellant Dymond, who alone assigns error.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellant.

ARNOLD TRIPP, (CHRISTIAN MEIER, WILL B. MOAK, O. G. KNECHT, A. L. BENNER, and HENRY R. PLATT, of counsel,) for appellees.

Per CURIAM: On November 5, 1895, DeWitt C. Butts, being the owner of the premises in question, made a verbal contract with M. J. Roughan, through whom appellant claims, to furnish all the material and labor for, and to complete, the plumbing, gas fitting, steam heating and sewer work on an improvement, known as the "Como" building, which Butts was then erecting upon said premises. Butts agreed to pay Roughan the cost of the labor and material, and twenty-five per cent added. Roughan commenced work under his contract on November 5, 1895, and completed it on May 2, 1896. On June 22, 1896, Roughan assigned and transferred to James L. Morris his claim against Butts for the work above referred to, and all right to a mechanic's lien therefor, and, on the 19th of August, 1896, a statement of claim for a mechanic's lien

was filed by Roughan for the use of Morris in the circuit court of Cook county.

The Appellate Court say, in their opinion deciding this case, that "there was no definite time fixed by the parties to the contract for the completion of the work, or the final payment." This statement is fully sustained by the evidence.

Section 6 of the Mechanic's Lien law of 1895 provides as follows: "If the work is done, or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time." (2 Starr & Cur. Ann. Stat.—2d ed.—pp. 2551, 2552).

Counsel for appellant contend that, if no time for the completion and final payment was fixed in the verbal contract here under consideration, nevertheless it was implied that the same should be completed and paid for within a reasonable time, to-wit, within one year from the date of the contract, and that, as the material was furnished and the work done within six months after the making of the contract, the reasonable time for payment necessarily fell within the time limit of the statute.

It is true, as is contended by appellant, that what is said in *Freeman* v. *Rinaker*, 185 Ill. 172, and *Kelley* v. *Northern Trust Co.* 190 id. 401, is confined to written contracts, which were there under consideration. But in the case of *Pugh Co.* v. *Wallace*, 198 Ill. 422, where the principal question was whether, under the act of 1895, a lien could be enforced where the contract between the parties was an express verbal contract, fixing no time within which the work was to be done, or the material to be furnished, and wholly failed to provide any time when the same should be paid for, this court extended the doctrine of the *Rinaker* and *Kelley cases* to verbal contracts and said: "A contract, under which work is to be done or material furnished for a building, would be incomplete without in

some way fixing a time when or within which the work was to be done or material furnished and payment therefor made, and the language, 'unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time,' clearly means that the work shall be done or material furnished, and final payment therefor be made, within a year from the date of the contract by the terms and conditions of the contract."

In the case of *Hindert Bros.* v. *American Trust and Savings Bank*, 198 Ill. 538, the intervening petition of the lien claimant alleged that the petitioners on the 28th day of April, 1900, made a verbal contract with the Chicago and Minonk Coal and Tile Company to furnish certain building materials to go into the premises described; that no date was fixed for the final delivery of said materials, but it was implied that petitioners were to complete the same within a reasonable time thereafter, to-wit, within one year thereafter, and the coal and tile company was to pay petitioners the usual and market price for said materials, and that a statement of the materials so furnished should be rendered each month by petitioners to said coal and tile company; that no express time was fixed as to time of payment, but it was implied that, if payment was not made at the time, a statement of account should be rendered each month, and payment should be made within a reasonable time thereafter, to-wit, within one year from said 28th day of April, 1900; that, during the period between the 27th day of April and the 9th day of March, 1901, petitioners did complete the delivery of all said materials and did in good faith deliver to the coal and tile company said materials, etc.; and the case, coming up on demurrer to this petition, this court quoted from the case of *Freeman* v. *Rinaker, supra*, as follows: "In view, therefore, of the language of section 6 in the act of 1895 and of the construction given by this court to similar language in the act of 1845,

it cannot be said that, because no time was expressed in the contract between the parties in the case at bar, a reasonable time should be implied. The contract here was an expressed contract as distinguished from an implied contract, and no time was agreed upon for completion of the work. The law cannot imply any time for completion under such circumstances, and therefore the appellee was not entitled to a lien;" and after making the above quotation, it was said: "So far as distinction is made between express and implied contracts this language is as applicable to verbal as to written contracts. The statute expressly provides that, where the materials are furnished under a verbal contract, no lien shall be had, unless such materials shall be furnished within one year from the date of the contract and final payment therefor is to be made within that time,—that is, the contract must provide that payment shall be made within one year from the time when it is entered into. In case of written contracts the time for payment cannot be made to extend beyond one year from the time stipulated for completion of the work. We find no warrant in the statute for holding that, because, in this case, the materials were in fact furnished within the year, it was not necessary, in order to obtain a lien, that the contract should have provided that payment was to be made within that time. The statute requires the contract to fix the time of payment before a lien can attach; and this is so, whether such lien is claimed under a written or verbal contract. See, also, *Pugh Co.* v. *Wallace*, 198 Ill. 422."

It is not disputed in the case at bar that the contract under consideration is an express, as distinguished from an implied, contract.

In view of what is said, it will be seen that the contract between DeWitt C. Butts and M. J. Roughan, through whom appellant claims, was not one which, in the first instance, would support a claim for mechanic's lien under the statute.

The further points made by appellant have to do with the invalidity of certain waivers of his supposed lien, and require no discussion here.

It follows that the decree of the circuit court, and the judgment of the Appellate Court, affirming it, must be reversed, in so far as they sustain a mechanic's lien in favor of the appellant, but in all other respects they are affirmed.

*Partly affirmed and partly reversed.*