## Concord Apartment House Co. et al. v. Maurice Von Platen et al.

1. MECHANICS' LIENS—*Requirements of Act of 1895.*—The act of 1895 requires that the times for completion and for final payment shall be fixed by the contract, and such requirement applies equally to written and unwritten contracts.

2. SAME—*Construction of Sec. 3 of the Act of 1874.*—The phrase "within one year from the commencement of the work *or delivery of the materials*" in Sec. 3 of the act of 1874 means the same as if the reading were, *or from the commencement of the delivery of the materials.*

**Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 9, 1903.

**Statement.**—This is an appeal from a decree in favor of appellees for a lien on certain premises described in their pleading. The Concord Apartment House Company is the owner of a leasehold interest, under a lease for ninety-nine years, of the premises in question. Being about to erect a large apartment building on the premises, it issued bonds to the amount of $50,000, secured by trust deed of the premises, to the Northern Trust Company. The bonds and trust deed are dated June 1, 1895, and the trust deed was recorded February 22, 1896.

The appellees are partners under the copartnership name of Von Platen & Dick, and are engaged in the business of manufacturing and selling lumber, mouldings, sash, doors, interior finish, trim, and all work known as mill work. The following correspondence took place between appellees and the Concord Apartment House Company:

" CHICAGO, 5–18, 1895.
CONCORD APARTMENT HOUSE CO.
   GENTLEMEN: We hereby propose to furnish all doors, trim, transoms, jambs, stops, stools, aprons, threshold, casing and caps (in long lengths), base, shelf cleats, shelving, chair rail, corner beads, 4 store sash, 2 large inside sash, panel backs & window linings for your bldg. according to plans & specifications for $11,384.45. If 2 foot 4 doors are made 1⅜ solid ¼ sawed doors as suggested by us we will deduct $250.
Yours very truly,
VON PLATEN & DICK."

" CHICAGO, May 22, 1895.
MESSRS. VON PLATEN & DICK, Loomis and Hinman Sts.
   GENTLEMEN: Your proposition to furnish all doors, trim, transoms, jambs, stops, stools, apron, threshold, casings and caps (in long lengths) base, shelf cleats, shelving, chair rail, corner beads, store sash, large inside sash, panel backs and window lining, of May 18, 1895, is hereby accepted.

We reserve the right, however, to change the doors in accordance with your suggestion from 2-4 doors to 1⅜ solid, if we so desire, which we will determine shortly and give you due notice.

Yours truly,

CONCORD APARTMENT HOUSE COMPANY,

By A. A. Rolf, Secretary."

"CHICAGO, January 29th, 1896.

MESSRS. VON PLATEN & DICK.

GENTLEMEN: In our contract with you of May 22d, 1895, we wish the following changes made: All 2-4 doors and smaller doors solid. All trim, including cafe, barber shop and billiard room in basement, to be Wisconsin birch, balance to be pine for paint. These changes increasing price from eleven thousand one hundred and thirty-four dollars and thirty-five cents ($11,134.35) to eleven thousand three hundred and eighty-four dollars and fifty cents ($11,384.50) payable eighty (80) per cent as the material is delivered for each floor, balance on completion, as according to original agreement.

THE CONCORD APARTMENT HOUSE CO.,

By Carl Findeisen, President.

A. A. Rolf, Secy."

There were no written specifications given to appellees, but they were furnished with plans, and it was understood between the parties, when appellees' proposition of May 18th was accepted, that the interior finish was to be oak. Prior to January 29, 1895, no material had been delivered by appellees to appellants, for the reason that the work on the apartment building had not been advanced to a condition such that the material could be used in it. Appellees delivered the material, in accordance with the changes provided for by appellants' letter of date January 29, 1896, the first delivery being February 19, 1896, and the last October 29, 1896.

Appellees filed with the clerk of the Circuit Court, February 17, 1897, their claim for lien. After the issues were made up the cause was referred to a master to take proofs and report. The master reported in favor of appellees, found that there was due them, October 29, 1896, the sum of $3,319.50, and recommended a decree for that amount,

with interest from October 29, 1896, in all, principal and interest, $4,081.13.   Objections were filed to the master's report which were overruled by him, and which were ordered to stand as exceptions on the hearing.   The finding of the master included $414 for extras furnished between February 19, 1896, and October 29, 1896, and also included $250, apparently on account of the difference in value between oak and birch.   The court disallowed both these items, and found that there was due appellees $3,319.50 with interest from October 29, 1896, amounting in all to $4,181.78, but decreed a lien only for the sum of $2,650, with interest from October 29, 1896, amounting in all to $3,346.97.   The master and court both found that appellees' lien was superior to that of the Northern Trust Company.

MILLARD R. POWERS and DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellants.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contentions of appellants are :   1. That the letters of May 18 and 22, 1895, did not constitute a contract between the parties.   2. If they did constitute a contract, the letter of the appellant, the Concord Apartment House Co., of January 29, 1896, acceded to, as it was, by appellees, made such radical changes in the contract as to constitute a new contract, and an abandonment of the former one.   If either of these contentions is sound, appellees' claim of lien must fail; because the letter of January 29th fixes no time within which the materials were to be furnished, as required by section 6 of the act of 1895 in respect to mechanics' liens.   Freeman v. Rinaker, 185 Ill. 172; Kelley v. Northern Trust Co., 190 Id. 401.

In support of appellants' first contention it is argued that the appellant, the Concord Apartment House Company, had before it two propositions, differing materially, and, to make the contract, must have accepted one of them

absolutely.    We do not concur in this contention.    By the proposition of appellees they merely gave appellant, the Concord Apartment House Company, the privilege of chang ing the doors, as therein suggested, and the company accepted the proposition with that privilege.    The proposition and its acceptance, as made, constituted a contract between the parties, and the fact that such contract provided that the company might make the change as to the doors did not affect its character as a valid and binding contract.    There was no uncertainty in the contract, as appellants' counsel contend.    It is true that the company might or not have required the suggested change, but it was certain that, by the contract, it had the privilege so to do, and equally certain that, if it so did, the appellees would be bound to deduct $250 from the amount specified in their proposition.

It is not unusual, but rather common, for building contracts to provide that the owner may make changes in the specifications, and we know of no precedent for holding that this affects the validity or binding character of the contract.    That a contract was created between the parties by the proposition of appellees of May 18th and its acceptance by the company by its letter of May 22, 1895, was recognized by the company in its letter of January 29, 1896, in which this language is used: " In our contract with you of May 22, 1895, we wish the following changes made," etc.    This was also recognized by appellees, by their making the change as to the doors.    The articles delivered by appellees to the appellant company were the articles described in the contract of May 22, 1895.    In appellees' proposition of May 18, 1895, the kind of wood of which the trimmings were to be is not stated; but it appears from the evidence that it was, at first, agreed by the parties that they should be of oak.    The only change made, not provided for in the contract of May 22d, was the substitution of birch for oak in the trimmings.    There was no change made in the plans of the building.    We are of opinion that the substitution of birch for oak in the trimmings

Concord Apartment House Co. v. Von Platen.

was not an abandonment of the contract of May 22, 1895, but was merely a modification of that contract. Notwithstanding the changes suggested by the letter of January 29, 1896, appellees had to look to the contract of May 22, 1895, to ascertain what they were required to deliver to the appellant company. The letter of January 29th merely suggested a change of the material of the trimmings required to be furnished by the contract. The date of the contract being May 22, 1895, before the act of 1895 was in force, the mechanics' lien law of 1874 applied to the contract, and that contains no provision requiring a time to be fixed by the contract for the completion of work, the delivery of materials, or final payment of the contract price. Appellants' counsel contend that, on the hypothesis that the act of 1874 applies, appellees are not entitled to a lien, for two reasons: namely, that the materials contracted to be delivered were not delivered, nor the claim of lien filed within the time required by that act. Section 3 of the act of 1874 provides:

"If the work is done or materials are furnished under an implied contract, no lien shall be had by virtue of this act unless the work shall be done or materials be furnished within one year from the commencement of the work or delivery of the materials."

Counsel, assuming that this provision applies to the contract in question, contend that the materials should have been furnished within one year from May 22, 1895, and as they were not all furnished until October, 1896, appellees have no lien. The contention is based on a misinterpretation of the provision quoted. The language is: "Within one year from the commencement of the work *or delivery of the materials.*" The language in italics is elliptical, and the meaning is the same as if the reading were, *or from the commencement of the delivery of the materials.*

The act of 1861, amendatory of chapter 65 of the Revised Statutes of 1845, contains this provision: "Provided that the work is done or materials furnished within one year from the commencement of said work, or the commencement of furnishing said materials." Sess. Laws

1861, p. 179. In Chicago Art. Well Co. v. Corey, 60 Ill. 73, 76, the court say of the act of 1861:

" This act requires only, in order to create a lien, so far as the agreement of the owner of the land and the mechanic and material man is concerned, that labor or materials should be furnished at the request of the owner of the land, for erecting or repairing any building thereon, when no price is agreed on, or no time is expressly fixed for the payment of such labor and materials, provided that the work is done and materials furnished within one year from the commencement of the work or the commencement of furnishing materials."

What is there said is equally applicable to sections 1 and 3 of the act of 1874. See, also, Clark v. Manning, 90 Ill. 380, and Driver v. Ford, Ib. 595.

In the present case no time is fixed for the completion or delivery of the materials; the contract, therefore, is partly expressed and partly implied, and under the act of 1874 it was only necessary that the delivery of materials should be completed within one year from the time when such delivery was commenced. Driver v. Ford, *supra*. The first delivery was February 19, 1896, and the last October 29, 1896.

In support of appellants' contention that the claim of lien was not filed in apt time, counsel refer to section 28 of the act of 1874, as amended by the act of 1887, which inhibits enforcement of a lien unless a claim for lien shall be filed with the clerk of the Circuit Court within four months after the last payment shall have become due (Hurd's Stat. 1893, p. 932, Sec. 28), and contend that the claim should have been filed within four months from May 14, 1896, the date of a letter from appellees to the Concord Apartment House Co., stating that the mill work contracted for was constructed and ready for delivery, etc. Final payment was not due from the appellant company to appellees until the time of the last delivery of material, October 29, 1896, and the claim of lien was filed February 17, 1897, which was within four months from the time the last payment became due.

On the hypothesis that appellees are entitled to a lien for any amount, it is not contended by appellants' counsel that the amount for which the court decreed a lien is excessive.  Appellees have assigned cross-errors, but the only objections to the decree argued by counsel are, that the court erred in not allowing appellees a lien for the difference in value between oak and birch, and for extras.  The change from oak to birch was not provided for by the contract of May 22, 1895, nor was any change provided for by that contract, except that as to the doors.  The change from oak to birch was made by agreement of the parties about January 29, 1896, and the extras were furnished between February 17 and October 29, 1896, at both of which times the act of 1895 was in force.  The requirement of that act, that the times for completion and for final payment shall be fixed by the contract, applies equally to written and unwritten contracts (Pugh Co. v. Wallace, 198 Ill. 422), and these times must be fixed by the original contract.  Ib.  We are of opinion that there was no error in the refusal of the court to decree a lien for the difference in value mentioned or for the extras.

The decree will be affirmed.