Fannie J. Henry v. James L. Applegate.

Gen. No. 4172.

1. MECHANICS' LIEN—*what essential to.*    No mechanics' lien can exist except as the result of a contract, and such contract must provide a time within which the work is to be done, the material furnished and payment made.

2. MECHANICS' LIEN—*when implied contract will not support.*    An implied contract will not support a claim for a mechanics' lien where the parties have not agreed upon the time within which the work is to be performed, the material furnished and payment made.

Proceeding for mechanics' lien.    Error to the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.    Heard in this court at the April term, 1903.    Reversed.    Opinion filed October 8, 1903.

GRIER & STEWART, for plaintiff in error.

T. W. TODD, for defendant in error.

MR. JUSTICE FARMER delivered the opinion of the court.

This was a bill filed by James L. Applegate, defendant in error, against Fannie J. Henry, plaintiff in error, together with other defendants, to enforce a mechanic's lien.    Plaintiff in error was the owner of property in the city of Monmouth upon which there was an old dwelling house which she desired to remodel and improve, and on August 4, 1897, she entered into a written contract with defendant in error to do the work according to plans and specifications furnished by him, for $975.    The bill alleges that defendant in error completed the performance of said contract and at the request and under the instruction of plaintiff in error performed additional work and furnished additional material in the construction of additional improvements and making additional repairs on said premises, beyond and in excess of what was provided for in the original contract.    The bill further alleges that no particular amount of material or labor beyond that included in the original contract was specifically contracted for, nor was the time for the completion of the extra work

definitely fixed, but that the plaintiff in error directed the performing of the additional work and furnishing the additional material therefor, and that it was understood between the parties that in addition to the amount provided for under the written contract, plaintiff in error should pay defendant in error such compensation for the additional improvements and repairs as they were reasonably worth. Further alleges, that he performed additional work and furnished additional material to the amount shown by Exhibit A, attached to his bill, which was $223.54. The bill further alleges that immediately after the completion of the work, and on the 10th day of November, 1897, plaintiff in error accepted the premises, took possession thereof and has ever since occupied the same as a dwelling house; that she has paid only the sum of $960.52, and that there remains due from her the sum of $238.02, which she neglects and refuses to pay, and prays for a lien on the premises in accordance with the provisions of the statute. By an amendment to the bill it was alleged that the extra work and material were " to be paid for upon completion of the work and the work to be completed within one year from the time of ordering such alterations." By a further amendment to the bill it was averred that on the 24th day of February, 1898, and within four months from the time of the completion of the contract and within four months from the time the final payment for said work and materials was due and payable according to the terms of the original contract, defendant in error filed in the office of the clerk of the Circuit Court his claim for lien verified by affidavit as provided by law.

There is no averment in the bill that any time was fixed by the original contract for the completion of the work or the payment therefor. The nearest approach to an averment of that kind will be found in the second amendment above mentioned. The allegations in that amendment are simply that the defendant in error filed his claim for a lien in the office of the Circuit Clerk " within four months from the time of the completion of said contract and within four

Henry v. Applegate.

months from the time the final payment for said work and materials was due and payable according to the terms of the original contract and of the subsequent verbal contract." Plaintiff in error by her answer denied that there was any time fixed by the contracts within which the work was to be completed or the material furnished or within which payment was to be made. The cause was referred to the master to take the proofs of the respective parties and to report the same together with his conclusions to the court.

The master reported that the defendant in error had completed the original contract and had performed additional work and furnished additional materials at the request of defendant in error not provided for in the original contract. He further finds and reports that subsequent to the execution of the original contract it was agreed between the parties that the work provided for by said contract should be completed within three or four months from the date of the contract, but that the time for the completion of the additional and extra work and the furnishing of the extra material was not definitely fixed. He does not find that any time was fixed within which the work and materials were to be paid for under either the original or subsequent verbal contract. The master reported a balance due defendant in error on the original contract of $14.48 and other items for extra work and material amounting to $76.09, making a total of $90.57. He further reported that plaintiff in error was entitled to a credit on this amount of $30.75, moneys paid by her to other parties for the performance of certain work and the furnishing of certain materials that should have been performed and furnished by defendant in error under the original contract, leaving a balance due defendant in error of $59.82. Objections and exceptions to the master's report were overruled by the court and a decree entered that the complainant was entitled to a lien on the premises for $59.82, directing the defendant to pay the same within ten days and that upon a failure to do so the premises be sold.

The written contract for the original work is very brief and provides neither time for the completion of the work nor for the payment of the money. By it the defendant in error agreed to do the work according to plans and specifications for $975. $100 was to be paid when the foundation was completed; $500 when the building was ready for plastering; $100 when the carpenter work was completed, and the remaining $275 when the work was finished. No time however is fixed when any of these things were to be completed, and we do not find the master's conclusion " that subsequent to the making of the contract it was agreed between the parties that the work was to be completed within three or four months from the date thereof," is sustained by the evidence. The only testimony on this point was that of plaintiff in error, and defendant in error and his brother William L. Applegate. Plaintiff in error testified that the work was to be completed within thirty days, but was directly contradicted by defendant in error and his brother William L. Defendant in error testified as follows :

" Q. What was the understanding between you and her (plaintiff in error) as to the time the original building was to be finished ?

A. Three or four months.

Q. From when ?

A. Well I suppose from the time I commenced the job.

Q. When was it to be paid for ?

A. I don't know as there was anything said about when she was to pay for the extras. There was nothing in the contract about the extras. We had no understanding when she was to pay me for the extra work. She was to pay for the job when it was completed."

William L. Applegate testified that he was present when his brother and plaintiff in error were making the contract and that plaintiff in error wanted the building quicker than it would be reasonable to expect the work to be done. That it was explained to her that it would take in the neighborhood of three or four months to do the work and she seemed satisfied. This testimony utterly fails to establish that any time was fixed for the completion of the work or the payment of the money, under the original contract.

Defendant in error says he supposed the work under the original contract was to be completed within three or four months from the time he commenced the job, but he does not pretend that any time was fixed or agreed upon for its commencement. As to the alleged implied contract for extras, it appears from the evidence of defendant that while the work under the original contract was in progress plaintiff in error requested and directed that certain work should be done which was not provided for by said original contract, but no time was specified for the performance of this work nor within which it was to be paid for. No time being agreed upon for the completion of the work or the payment therefor under either the original contract or for the "extras" no lien can be enforced. Section 1 of the Mechanic's lien law of 1895 provides "that any person who shall by any contract with the owner of a lot or tract of land" furnish material or perform work, etc., "shall have a lien upon the whole of such tract of land or lot" for the amount due him. Section 6 provides that where the work is done or the materials furnished under a verbal contract no lien shall be had unless the work shall be done or materials furnished within one year from the date of the contract and final payment therefor is to be made within such time. If the contract be written no lien shall be had if the time stipulated for the completion of the work or furnishing materials is beyond three years from the date of the contract or the time of payment beyond one year from the time stipulated for the completion of the work. It is apparent from these provisions of the statute that no lien can arise except as the result of a contract, and such contract must provide for a time within which the work is to be done or materials furnished and within which payment is to be made therefor. The lien must in every case rest upon a contract between the person claiming the same and the owner of the property. Pugh Co. v. Wallace, 198 Ill. 422. In Hindert Bros. v. American Savings Bank, 198 Ill. 538, it is said :

"It seems clear from the language of the present act that

before a lien can attach certain things must be expressly
provided for in the contract, whether it be written or ver-
bal.    One of these is the time within which the work is to
be done or materials furnished, and the other, the time
when or within which payment is to be made, the chief
difference between the requirements, as respects the two
different kinds of contracts, being in the length of time
allowed."

Again in Pugh & Co. v. Wallace *supra*, the Supreme
Court say :

" A contract under which work is to be done or material
furnished for a building would be incomplete without in
some way fixing a time when or within which the work
was to be done or material furnished and payment therefor
made."

In Williams et al. v. Rittenhouse Embree Co., 198 Ill.
602, the following language is used :

" The time of the completion of the work and of the
payment of the money therefor is equally important,
whether the contract be verbal or in writing.   *   *   *
That the parties have agreed and fixed upon a time for the
performance of the work and payment of the money there-
for is essential to the creation of a lien, whether their
agreements be evidenced by writing or be established by
parol proof."

Counsel for defendant in error cites the opinion of the
Appellate Court in this case, 98 Ill. App. 548, in support
of his contention that under an express contract it is not
necessary that a specific day or date should be fixed within
which the work is to be performed and the payment made,
where it appears that the time for the completion of the
work and of final payment shall not extend beyond the stat-
utory period.    But this case was reversed by the Supreme
Court and the contrary held to be the law as above quoted.
If additional authority is desired it will be found in Free-
man v. Rinaker, 185 Ill. 172; Dymond v. Bruhns, 200 Ill.
292; VanPlaten v. Winterbotham, 203 Ill. 198.

Counsel for defendant in error insists that in this case the
contract for the extras was neither verbal nor written but
was implied and that the requirements of the statute, that

a time be fixed for the completion of the work and the payment of the money, do not apply. Even if it were true that there was no express contract between the parties for the extra work and the material furnished and for the payment therefor, and if no authority could be found on the question, we would not be inclined to adopt this view, as we can see no reason for holding it was the legislative intention that greater rights should obtain where there is no contract, than where there is an express contract. But this is not an open question, for our Supreme Court has said in Pugh v. Wallace *supra:*

" And so section 7, relied upon by counsel for appellant as indicating that the contract may be implied as well as expressed, provides for the filing of a claim in the same office, ' which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein, or the time implied, for completion and for final payment, etc.' So that in any view of these several sections of the statute, a time must be agreed upon between the parties when the work is to be performed or the material furnished and when payment is to be made."

We are of the opinion that the evidence in this case wholly fails to show any such compliance with the requirements of the Mechanic's Lien law as to authorize the decree of the Circuit Court and the same is reversed.

*Reversed.*