HARRY WALKER *et ux.*

*v.*

IRA MALIN & CO.

*Mt. Vernon, May Term,* 1880.

APPEAL *from an appellate court—as to the amount involved.* Where a creditor's bill is filed to subject certain personal property to the payment of a judgment, in determining the question of the jurisdiction of this court as affected by the amount involved in the litigation, that amount is to be measured by the amount of the judgment which is to be satisfied, without regard to the value of the property sought to be subjected, although the value of such property may largely exceed the amount of the judgment.

At the April term, 1874, of the circuit court of Alexander county, Ira Malin & Co. recovered a judgment against Harry Walker for the sum of $367.20, and costs. Subsequently an execution was issued upon that judgment, which was returned no property found. Thereupon, Malin & Co. filed a creditor's bill against Harry Walker and Margaret Walker, his wife, to subject certain personal property to the satisfaction of said judgment, it being alleged in the bill that the property mentioned was claimed by said Harry Walker, and Margaret, his wife, to belong to said Margaret, whereas, in truth and in fact, it was in equity the property of said Harry and subject to the payment of his debts, but was so situated and confused that it could not be reached by the ordinary legal process. The value of the property thus sought to be subjected was alleged to be at least $3000. Upon final hearing in the circuit court it was found that the property was subject to complainants' judgment, and a decree was entered accordingly. The amount of the judgment, and interest, to be satisfied was ascertained to be $492.80.

On appeal from the circuit court to the Appellate Court for the Fourth District that decree was affirmed,—and now an appeal is prosecuted to this court for a review of the decision of the Appellate Court.

The appellees here, Malin & Co., move to dismiss the appeal for want of jurisdiction in this court, it appearing, as is alleged, that the amount involved in the litigation was less than $1000, and no other conditions existing to authorize the appeal.

Mr. SAMUEL P. WHEELER, for the motion, contended the amount involved in the litigation was not to be measured by the value of the property sought to be subjected to the payment of the judgment, but the amount of the judgment to be satisfied was the actual amount involved,—and that was found by the decree to be only $492.80. So that, if it be conceded that, for the purposes of this motion, the value of the property sufficiently appears from the allegations in the bill, yet the amount involved being less than $1000 this court has no jurisdiction of the appeal.

Messrs. LINEGAR & LANSDEN, *contra*, argued that the amount actually involved in the litigation was the entire value of the property, which largely exceeded $1000. Counsel insisted that an adjudication as to the title to this property involved the entire property, regardless of the amount of the judgment to be satisfied in this particular suit,—that such adjudication would be conclusive between the same parties in any subsequent proceeding of like character.

SCOTT, J.: The amount involved in this litigation is clearly to be measured by the sum required to satisfy the judgment, not by the value of the property sought to be subjected to its payment.

Upon bill to foreclose a mortgage given to secure the payment of a given sum of money, the amount involved would be the amount required to satisfy the mortgage indebtedness, not the value of the mortgaged premises, which might very largely exceed that indebtedness, and yet only the amount of the indebtedness could be required to be satisfied. So in this case, only the amount of the judgment can be required to be paid

out of the property, whatever its value. A payment of the judgment would relieve the property entirely from any claim of the judgment creditor.

The amount of the judgment to be satisfied is less than $1000, being only $492.80, and that being the amount involved in the litigation, this court has no jurisdiction of this appeal.

*Appeal dismissed.*