CARRIE STETTAUER *et al.*

*v.*

C. G. BOLDENWECK *et al.*

*Opinion filed December 18, 1899.*

| | |
|---|---|
| ‾183 | 187| |
| s62a | 31| |
| 183 | 187 |
| 191 | ²374 |
| ·183 | 187| |
| ·198 | ²427| |

1. APPEALS AND ERRORS—*how amount involved in particular litigation is measured.* The amount involved in litigation under a petition by certain creditors to set aside an assignee's sale as in fraud of their rights is to be measured by the amount of the petitioners' claim as stated in the petition, and not by the value of the property sold by the assignee.

2. SAME—*when writ of error must be dismissed.* A writ of error to reverse a judgment by the Appellate Court affirming a judgment by the county court dismissing a petition by creditors to set aside an assignee's sale, must be dismissed where the amount involved is less than $1000 and there is no certificate of importance.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. C. H. BISHOP, Judge, presiding.

This is a petition, filed by the plaintiffs in error on February 5, 1895, in a voluntary assignment proceeding in the county court of Cook county. The deed of assignment, dated October 18, 1894, was executed by the North-western Trimming Company, a corporation, of which C. G. Boldenweck was president and August E. Neff was secretary, to the Chicago Title and Trust Company, as assignee. On December 10, 1894, in the December term of the court, and in pursuance of an order entered on that day, the assignee sold and delivered all the property and assets of the insolvent to Justice Killian for the sum of $10,000.00, $4000.00 for the bills and accounts, and $6000.00 for the other assets.

The petition of the plaintiffs in error, which was filed in the January term of the county court, charged that the alleged sale was in fact no sale, but was simply the consummation of a fraudulent scheme or arrangement

between Killian, the alleged purchaser, the Chicago Title and Trust Company, the assignee, and Boldenweck, the president of the insolvent company, and Dahms, Langworthy and Poppenhausen, the attorneys of the assignee, whereby the assets of the insolvent were to be transferred from the assignee through Killian back to the possession of Boldenweck, who was the principal stockholder and manager, and practically owner of the insolvent corporation.

The petitioners, being the plaintiffs in error here, represent in their petition, that the Northwestern Trimming Company is indebted to them in the sum of $164.91; that no part of the same has been paid; that a duly verified claim against said insolvent was duly filed by the petitioners with the said assignee on January 9, 1895; that said insolvent is further indebted to the petitioners in the sum of $500.00, being the rent of the premises known as the fourth and fifth floors of the buildings 234 to 238 Madison street, Chicago, from January 4, 1895, to February 1, 1895; and that the petitioners have no security for said claim.

The prayer of the petition was, that said sale of the assets of the property to Killian should be vacated, and set aside as null and void, and that Killian should be directed to return back to the assignee all the said goods, property and assets, to await the further action of the court. The assignee and its attorneys filed answers, denying the charges in the petition, but admitting that the claim of the petitioners was filed, and had not been paid, because there had been no distribution of the assets of the insolvent.

Killian, Boldenweck and Neff appeared by counsel, and filed a general demurrer to the petition, and, also, a special demurrer, stating, as the special cause of the demurrer, that the court was without jurisdiction to grant the prayer of the petition, because the term, at which the sale was made, had passed.

On March 28, 1895, the court entered an order as of March 20, 1895, sustaining the demurrers, and dismissing the petition as to all the parties.

From this order, the petitioners took an appeal to the Appellate Court, and that court affirmed the judgment of the county court. The present writ of error is sued out for the purpose of reviewing the judgment of affirmance, so entered by the Appellate Court.

GEORGE W. PLUMMER, and WHARTON PLUMMER, for plaintiffs in error.

LACKNER, BUTZ & MILLER, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Upon looking into the record, we find that the amount involved is less than $1000.00; and the record contains no certificate of importance. In a case of this character, where the amount involved is less than $1000.00, the judgment of the Appellate Court, in the absence of a certificate of importance, is final, and the writ of error must be dismissed. (*Jordan* v. *Moore*, 128 Ill. 56; *Moore* v. *Sweeney*, 128 id. 204).

The amount involved in this litigation is clearly to be measured by the amount of the claim of the plaintiffs in error, as stated in their petition, and not by the value of the property sold at the sale, which is sought to be set aside. If both claims of the plaintiffs in error, described in their petition, be added together, they amount to only $665.71. As the amount claimed is less than $1000.00, this court has no jurisdiction to review the decision of the Appellate Court. The statute has made the decision of the Appellate Court final in such cases. (*Walker* v. *Malin*, 94 Ill. 596; *Piper* v. *Jacobson*, 98 id. 389; *Akin* v. *Cassiday*, 105 id. 22; *Aultman* v. *Weir*, 134 id. 137; *Farwell* v. *Becker*, 129 id. 261).

Accordingly, the writ of error is dismissed.

*Writ dismissed.*