RUDOLPH HUTMACHER et al.

v.

THE ANHEUSER-BUSCH BREWING ASSOCIATION et al.

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*when Supreme Court cannot entertain an appeal in garnishment.* If several distinct garnishment proceedings are instituted but each of the judgments is for less than $1000, the fact that the several suits were consolidated in order to facilitate their disposition in the trial court does not confer jurisdiction upon the Supreme Court to review the case on appeal or error, in the absence of a certificate of importance.

2. SAME—*if plaintiff's demand is less than $1000 Supreme Court has no jurisdiction.* If the demand of the plaintiff in a garnishment proceeding is less than $1000 he must be content with the action of the trial court and the Appellate Court, unless a certificate of importance is granted.

*Hutmacher* v. *Anheuser, etc. Ass.* 71 Ill. App. 154, writ dismissed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

GEORGE W. FOGG, for plaintiffs in error.

GOVERT, PAPE & GOVERT, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiffs in error obtained separate and distinct judgments against one Rudolph Hutmacher, each of the judgments being in an amount less than $1000. The plaintiffs in error claimed that the defendant in error brewing association was indebted to the said Hutmacher in the sum of $2092, and each instituted separate proceedings under the provisions of chapter 62 of the Revised Statutes, entitled "Garnishment," against the said brewing association and procured garnishee process to issue in each of said suits, requiring said brewing association

to appear before the circuit court of Adams county as a garnishee in each of said proceedings. The brewing association appeared and filed separate answers to each of such writs of garnishment, and replications were severally filed thereto. The causes were then consolidated for convenience in the matter of their trial in the said circuit court. The result in each case being adverse to the contention of the plaintiffs in error, they brought the judgments in review in the Appellate Court for the Third District, but each of the judgments was there affirmed. This writ of error has been sued out to bring the judgment of affirmance before this court.

The motion entered herein to dismiss the writ of error for want of jurisdiction on the ground less than $1000 is involved is well interposed and must be sustained. The proceedings in garnishment were separate and distinct. They were consolidated in order to facilitate their disposition in the trial court. The several amounts claimed by each of the garnishee plaintiffs cannot be aggregated to confer jurisdiction on this court. *Farwell* v.*Becker*, 129 Ill. 261; *Aultman & Taylor Co.* v. *Weir,* 134 id. 137; *Payne* v. *Chicago, Rock Island and Pacific Railway Co.* 170 id. 607; 1 Cyc. 566; 1 Ency. of Pl. & Pr. 724.

The indebtedness in favor of Hutmacher against the brewing association exceeded the sum of $1000, but, as we said in *Pick* v. *Mutual Life Ins. Co.* 192 Ill. 157, the amount which it is claimed the garnishee is indebted to the debtor of the plaintiff in the garnishment proceeding does not constitute the full test of the amount involved in the garnishment proceeding. No greater amount can be involved in such a proceeding than the amount claimed to be due from the garnishee to the debtor of the plaintiff, or the value of the effects, credits, etc., of such debtor in the possession of the garnishee, and if the claim in this respect, or the value of such effects, etc., is less than $1000, this court has no jurisdiction to entertain an appeal or writ of error in the absence of a certificate of im-

portance, and this without reference to the amount which the plaintiff in the garnishment proceeding claims from the alleged creditor of the garnishee. If the demand of the plaintiff in the garnishment proceeding be less than $1000 he must be content with the action of the trial and Appellate Courts, for the reason that, so far as he is concerned, less than $1000 is involved.

In *Pomeroy* v. *Rand, McNally & Co.* 157 Ill. 176, the appellees were summoned to answer as garnishees before a justice of the peace. Their answer and a hearing disclosed they were indebted to the judgment debtor of the plaintiff in the garnishment writ in the sum of $1106.51. It was urged the amount involved was the sum due from the garnishee, and that the justice of the peace was without jurisdiction to try the issues. But we held the amount involved in the proceeding was not to be determined by the amount due from the garnishee nor by the form of the judgment to be rendered against the garnishee in the proceeding, but that the amount involved was to be determined by the amount claimed by the plaintiff in the writ of garnishment. This was less than $200, and we ruled the justice had jurisdiction to entertain and determine the contention.

The several demands of the plaintiffs in error being entirely distinct and separate, and each being less in amount than $1000, and there being no certificate of the judges of the Appellate Court that the contention involves an important question of law, this court has no power to review the action of the trial or Appellate Court in the cases.

The motion to dismiss is sustained.

*Writ dismissed.*

Mr. JUSTICE CARTER took no part in the decision of this case.