AULTMAN, MILLER & CO.

*v.*

A. L. JACKSON *et al.*

*Opinion filed April 17, 1906.*

APPEALS AND ERRORS—*when Supreme Court has no jurisdiction of appeal.*  On appeal from a decree in a proceeding to subject real estate to the payment of a judgment, the judgment of the Appellate Court, in the absence of a certificate of importance, is final if the amount involved is less than $1000, which question is determined by the amount of indebtedness and not the value of the property.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. TRUMAN E. AMES, Judge, presiding.

ANDREWS & VAUSE, for appellant.

WALTER C. HEADEN, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant filed its creditor's bill in the circuit court of Shelby county against A. L. Jackson and Sarah R. Jackson, appellees, seeking to subject certain real estate, the record title of which is in the name of said Sarah R. Jackson, and certain personal property of which she claims to be the owner, to the payment of a judgment in favor of appellant and against A. L. Jackson, which, with interest and costs of suit, amounts to $406.01. The bill charged that A. L. Jackson is the equitable owner of said real and personal property, and that the legal title to such property had been placed in the name of his wife, Sarah R. Jackson, in order to prevent complainant, from collecting its said judgment. A hearing was had before the chancellor, who dismissed the bill for want of equity. Appellant prosecuted an appeal to the Appellate Court for the First District, where the decree of the circuit court was affirmed, and it now prosecutes a further appeal to this court.

In cases of this character, unless a certificate of importance is obtained from the Appellate Court the judgment of that court is final where the amount involved is less than $1000, and the amount involved is to be determined by the amount of the indebtedness due complainant, and not by the value of the property sought to be subjected to the payment of such indebtedness. (*Walker* v. *Malin & Co.* 94 Ill. 596; *Aultman & Taylor Co.* v. *Weir,* 134 id. 137; *Lydston* v. *Auburgh,* 216 id. 210.) This court, therefore, has no jurisdiction of this cause.

The appeal will accordingly be dismissed.

*Appeal dismissed.*