WILLIAM H. MERRITT *et al.*

*v.*

THE CRANE COMPANY *et al.*

*Opinion filed December 22, 1906—Rehearing denied Feb. 12, 1907.*

1. APPEALS AND ERRORS—*when certificate of importance is neces-sary in mechanic's lien appeal.* In a mechanic's lien proceeding, if the original petitioner's claim involves less than $1000 the Appellate Court's judgment affirming its allowance is final as to such peti-tioner, in the absence of a certificate of importance, where such claim is entirely separate and distinct from the claims of interven-ing petitioners, notwithstanding the latter claims are each in excess of $1000 and the same evidence is relied upon to defeat all claims.

2. MECHANICS' LIENS—*the statute does not require that work be completed within three years.* Section 6 of the Mechanic's Lien law of 1895 (Laws of 1895, p. 228,) does not require that the work un-der a written contract shall be completed within three years, but only that the contract shall stipulate that it be completed within such time.

3. SAME—*what does not defeat claims for liens.* Where a writ-ten building contract fixes a time for completion of the work and making final payment in compliance with the statute, the failure of the original contractor to complete the work within the time speci-fied does not defeat the liens of sub-contractors furnishing labor or materials for the construction of the building.

4. BRIEFS—*what is an abandonment of grounds of reversal.* A statement in the original brief of appellants to the effect that in the hope of attracting the attention of the court to a certain point they have eliminated from the argument practically all other points, is an abandonment of such other points as grounds for reversal.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

In the month of August, 1899, William H. and Eugene L. Merritt, doing business as W. H. Merritt & Co., made a contract with the Western Engineering and Construction

Company to furnish the material and labor and to erect for them upon certain premises of which they were the owners, located in South Chicago, a grain elevator for the sum of $120,000, and to complete the same on or before December 1, 1899, at which time the contract price was to be paid to said construction company in full. The construction company, in November, 1899, made a contract with the appellee the Crane Company to furnish certain materials to be used in the construction of the elevator, and with the appellee P. T. Maloney, in February, 1900, to furnish materials for and to perform work upon said elevator, and Maloney in turn contracted with the appellee the Kellogg-Mackay-Cameron Company to furnish a part of the materials to be used in said elevator and perform a portion of the work upon the elevator called for in his contract with the construction company. The construction company having failed to pay said appellees upon the completion of their respective contracts, the Crane Company, on May 10, 1900, filed its petition in the superior court of Cook county to establish a lien against said elevator company for $734.31, and subsequently P. T. Maloney intervened and filed his petition seeking to establish a lien for $2142, and the Kellogg-Mackay-Cameron Company also intervened as a sub-contractor of Maloney and asked that a lien in its favor be established for $1777.21 against the said elevator property. Answers and replications were filed and the cause was referred to a master, who reported in favor of the allowance of liens upon the elevator property in favor of the respective appellees, and a decree was entered establishing liens against the elevator property in favor of the Crane Company for $734.31, P. T. Maloney for $2873.70, and the Kellogg-Mackay-Cameron Company for $2384.23, from which decree Merritt & Co. prosecuted an appeal to the Appellate Court for the First District, where the decree of the superior court was affirmed, and a further appeal has been prosecuted to this court.

STUART G. SHEPARD, for appellants.

ALDEN, LATHAM & YOUNG, for the Crane Company.

R. WILSON MORE, for intervening petitioners.

Mr. JUSTICE HAND delivered the opinion of the court:

A motion was entered in this court by the Crane Company to dismiss the appeal as to it, which was reserved to the hearing, upon the ground that its claim was less than $1000, and that no appeal would lie from the judgment of the Appellate Court affirming the decree of the superior court establishing a lien in its favor, without a certificate of importance, which had not been granted by the Appellate Court.

The statute provides that in actions *ex contractu,* where the amount involved is less than $1000, no appeal will lie from the Appellate Court to this court, in the absence of a certificate of importance. (1 Starr & Cur. Stat.—2d ed.—chap. 37, sec. 8, p. 1153.) The right to an appeal is purely statutory, and unless a party brings himself within the terms of the statute no appeal will lie. (*Hileman* v. *Beale,* 115 Ill. 355.) In this case the claim of the Crane Company was for less than $1000 and no certificate of importance was granted. Its claim was separate and distinct from and in no way connected with the claim of either of the other appellees. We think it clear, therefore, that no appeal, without such certificate, would lie from the Appellate Court to this court against the Crane Company.

In *Davis* v. *Upham & Stone,* 191 Ill. 372, which was a mechanic's lien case, the original petition was filed by the Rittenhouse & Embree Company to establish a lien for $527.19, and in the same case intervening petitions were filed by James R. Scott for $2486.50, William E. Palmer, a sub-contractor, for $1775, Upham & Stone, sub-contractors under Palmer, for $245.53, and the Gould Manufactur-

ing Company, a sub-contractor, for $646.37. The Ritten-house & Embree Company, Upham & Stone and Palmer were allowed liens. The property owner prosecuted an appeal to the Appellate Court, where the decree as to Up-ham & Stone and Palmer was affirmed and reversed as to the Rittenhouse & Embree Company, and a further appeal was prosecuted to this court by the appellant in the Appellate Court, and in this court a motion was made by Upham & Stone to dismiss the appeal as to them on the ground of want of jurisdiction in this court to hear and determine the appeal, on the ground that their claim was less than $1000 and no certificate of importance had been granted by the Appellate Court. The motion was allowed and the appeal dismissed. The court, on page 373, said: "Upham & Stone make a motion to dismiss this appeal as to them. Their contention is, that the action of the Appellate Court in refer-ence to their claim for lien, in the absence of a certificate of importance, is not subject to review here because the amount is less than $1000 and because it is a separate and distinct claim from those of the other petitioners. The intervening petitions are on behalf of separate parties, to enforce distinct liabilities. One claim is in no manner con-nected with the other. As is said in the case of *Farwell* v. *Becker,* 129 Ill. 261, (p. 269) : 'Where the amount against each defendant is separate and distinct, as is the case here, the two amounts cannot be united so as to confer jurisdic-tion, but each must be treated as a separate suit; and if the amount involved as to either one is not large enough to confer jurisdiction, the appeal must fall,'—citing *Paving Co.* v. *Milford,* 100 U. S. 147; see, also, *Stettauer* v. *Bol-denweck,* 183 Ill. 187."

The same motion was made in *Pugh Co.* v. *Wallace,* 198 Ill. 422, which was also a mechanic's lien case, and in dis-posing of the motion the court, on page 427, said: "A sec-ond ground for the motion is, that the claim of said company amounted to only $724.04, and that without a certificate of

importance from the Appellate Court this court is without jurisdiction to pass upon the same. The motion as to the California Manufacturing Company is also based upon this last ground,—that is, that its claim is for less than $1000. We held in *Davis* v. *Upham*, 191 Ill. 372, that intervening petitioners for mechanics' liens or material-men's liens filed on behalf of separate parties must be treated as separate suits, and the several amounts allowed as liens cannot be added together in order to make the jurisdictional amount necessary to authorize an appeal from the Appellate Court to the Supreme Court."

It seems to be thought by the appellants that the present appeal can be distinguished from those appeals on the ground that in this case the same evidence is relied upon to defeat the Crane Company lien as is relied upon to defeat the lien of P. T. Maloney and the lien of the Kellogg-Mackay-Cameron Company, the other appellees, whose claims are each in excess of $1000. It is not the evidence by which a debt is sought to be established or defeated which determines whether or not the case is appealable from the Appellate Court to this court, but the "amount involved," and as the amount involved in the Crane Company case is less than the jurisdictional amount this court is without jurisdiction to entertain this appeal as against the Crane Company. (*Farwell* v. *Becker*, 129 Ill. 261; *Aultman & Taylor Co.* v. *Weir*, 134 id. 137; *Stettauer* v. *Boldenweck*, 183 id. 187; *Davis* v. *Upham & Stone, supra; Pugh Co.* v. *Wallace, supra; Hutmacher* v. *Anheuser-Busch Brewing Ass.* 198 Ill. 613.) The appeal, as to the Crane Company, will therefore be dismissed.

The main contention of the appellants in opposition to the liens allowed in favor of the other appellees is, that the contract between Merritt & Co. and the construction company does not provide for the completion of said elevator within three years from the date of the contract and for the payment of the contract price for the construction thereof

within one year from the time stipulated for the completion of the elevator, and for that reason it is urged P. T. Maloney and the Kellogg-Mackay-Cameron Company have each failed to establish a right to a lien upon the said elevator premises. Section 6 of the Mechanic's Lien law in force at the time the contract for the construction of the elevator was entered into, provided that if the contract be in writing and fail to provide for the completion of the work within three years from the date of the contract or for the payment of the contract price within one year from the date stipulated for the completion of the work, the person contracting to erect an improvement or perform labor or furnish material under such contract was not entitled to a lien; (*Freeman* v. *Rinaker,* 185 Ill. 172;) and it was held in *VonPlaten* v. *Winterbotham,* 203 Ill. 198, that in case the original contractor was not entitled to a lien by reason of the failure of the contract to conform to the statute in the particulars pointed out, a sub-contractor could not have a lien for labor or material furnished by him although the same went into the improvement. The contract between Merritt & Co. and the construction company was in writing, and provided, in express terms, that the elevator should be completed on or before December 1, 1899, and that upon the receipt of the certificate of the inspector that the elevator had been completed in full compliance with the terms of the contract and was in first-class working order, Merritt & Co. would accept said elevator and pay the construction company any balance then due and payable under the terms of the contract. From these provisions of the contract we think it clear that the elevator was to be constructed and the contract price for constructing the same was to be paid on or before December 1, 1899, and fully complied with the provisions of the statute hereinbefore referred to.

The contract also provided that it should be made to appear by the inspector's certificate that all defects in the construction of the elevator found during the period of ten

days' trial provided for in the specifications had been made good, and that it should be made to appear by satisfactory evidence that all claims for material, labor or supplies of every kind furnished for the work had been fully paid and satisfied, and that the plant was free from encumbrance, before Merritt & Co. should be required to accept and pay for the same, and it is urged by the appellants that these provisions of the contract made the time of completion and payment uncertain, and that by reason of the failure of the construction company to comply with these provisions the work might not be completed within three years from the date of the contract or the contract price might not be due within one year from the date of the completion of the work. We cannot accede to this view. The contract fixed a date when the elevator should be completed, and provided that upon the certificate of the inspector that it had been completed in compliance with the contract, one provision of which was that it should be completed on or before December 1, 1899, Merritt & Co. would accept the same and pay the full contract price therefor. The statute did not require that the work should be completed within three years. It only provided that the contract should provide for its completion within that period. The construction company clearly could have remedied the defects and cleared the premises of liens, if any there were, prior to December 1, 1899, and placed itself in position on that day to have demanded a certificate from the inspector of completion and insisted upon payment of the amount due under the contract by Merritt & Co.,—that is, there was in existence, under the terms of the contract, no legal reason why the construction company might not have completed the contract and placed itself in a position to have demanded performance thereof by Merritt & Co. on the first day of December, 1899. We think, therefore, the contract fixed the time for the completion of the elevator and payment of the contract price at no later date than December 1, 1899, and that by the failure

of the construction company to perform its contract within that time it could not render the contract, as regards the dates of its completion and payment, indefinite and uncertain, and thereby defeat the liens of persons furnishing labor or material for the construction of the elevator by failing to complete the elevator by December 1, 1899.

.The appellants have suggested other grounds of reversal, but in the original brief filed on their behalf it is said, in the hope of attracting the serious attention of the court to the point last above considered they have "eliminated" from the "argument practically all other points." We deem this an abandonment of all other grounds relied upon for a reversal.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*