JOSEPH ANTOSZ *et al.* Appellees, *vs.* GOSS MOTORS, INC., *et al.* Appellants.

*Opinion filed January 20, 1942.*

EDGAR J. ELLIOTT, and JOHN A. BLOOMINGSTON, for appellants.

M. GEORGE LIVINGSTON, and HADLEY & LEREN, (CHARLES W. HADLEY, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This cause is before us on leave to appeal granted for the purpose of reviewing a judgment of the Appellate Court for the Second District. A motion to dismiss the appeal for want of jurisdiction was taken with the case.

The original trial was in the circuit court of Du Page county, wherein Joseph Antosz, Josephine Antosz, Jean LuBurda and Josephine Pacana joined as plaintiffs in a tort action against Goss Motors, Inc., a corporation, and Carl L. Brown. This joinder of parties and causes of action was pursuant to section 23 of the Civil Practice act, (Ill. Rev. Stat. 1941, chap. 110, par. 147, p. 2419,) wherein

it is provided in substance that numerous persons may join in one action as plaintiffs if they have any right to relief arising out of the same subject matter and involving common questions of law or fact. There is a further provision for separate trials which is not here material because no separate trials were asked.

The causes of action here involved were several, separate and distinct, each belonging to and being under the exclusive control of each separate plaintiff and their joinder was permissible only under the section of the Practice act above referred to. However, they all arose out of the same transaction, *i.e.*, the collision of two automobiles and were dependent upon the same facts, *i.e.*, the circumstances of that accident. The defendant Goss Motors, Inc., who was the owner of one of the cars, and Carl L. Brown, the driver of that car, were joined as defendants under the provisions of section 24 of the act above mentioned.

In the complaint the causes of action were kept separate and distinct. The first count set forth all of the alleged acts of negligence on behalf of Joseph Antosz and claimed damages for him in the sum of $1000. The second count was in his behalf alleging willful and wanton misconduct. The third count was on behalf of Josephine Antosz, based on negligence, and the fourth count was in her behalf and based on willful and wanton misconduct. The fifth count was in behalf of Jean LuBurda, based on negligence, while the sixth count was in her behalf and based on willful and wanton misconduct. The seventh count was on behalf of Josephine Pacana, based on negligence, while the eighth and final count was in her behalf and based on willful and wanton misconduct. The defendant who is the appellant here answered each of the eight counts separately and added a counter-claim in favor of Carl L. Brown against Joseph Antosz. These were answered by Antosz.

Special interrogatories were requested by the jury which found against any willful or wanton misconduct. Four

separate verdicts were returned as follows: One in favor of Joseph Antosz, $500; one for Josephine Antosz for $100; one for Jean LuBurda for $100 and one for Josephine LuBurda for $900. It will be noted that the total of these verdicts was $1600.

Eight separate motions for a new trial were interposed, likewise eight motions in arrest of judgment. These motions were on behalf of the defendants as to each of the plaintiffs and also on the counter-claims, as well as separate motions of the corporate defendant, alone, and of Carl L. Brown, alone, for judgment notwithstanding the verdicts. Four separate judgments were rendered on these four separate verdicts. Goss Motors, Inc., and Carl L. Brown filed separate notices of appeal. In the Appellate Court the judgments (plural form used) were affirmed.

The question of jurisdiction presented by the motion to dismiss the appeal requires a construction of section 75 of the Civil Practice act, (Ill. Rev. Stat. 1941, chap. 110, par. 199, p. 2429,) which makes the judgment of the Appellate Court final (except upon issuance of a certificate of importance) in all actions *ex contractu* and in all cases sounding in damages where the judgment, exclusive of costs, shall be less than $1500. This provision of the Civil Practice act, for all the purposes of this case is but a continuation of the Practice act of 1907, except that the sum or amount involved is raised from $1000 to $1500.

It is the contention of the appellants that for the purpose of arriving at the jurisdictional requisite the various judgments can be added together or tacked one to the other. We find nothing in the act itself to require such an inference and we do not think it can be supported. Indeed, prior to the adoption of the Civil Practice act, the separate causes of action could not even have been joined.

At the time of the decision of *Martin* v. *Stubbings*, 126 Ill. 387, the jurisdictional sum was $1000 and the subject matter of that suit involved the disposal of the proceeds of

an insurance policy in excess of that amount. The controversy arose out of two separate suits in chancery, which were heard together in the superior court of Cook county and also in the Appellate Court by stipulation of the parties. The details of the litigation are of no importance to this opinion. It was held, however, that the amount involved in the case of Stubbings v. Supreme Council of the Royal League and Cornelia Martin was only $474.76. It was pointed out by the court that the amount due from the Supreme Council was $1023.28, but of that sum $548.52 was ordered to be paid and was in fact paid to Cornelia Martin, leaving only the sum above mentioned to be paid to Stubbings and that as between her and Stubbings less than the jurisdictional amount was involved and the writ of error was dismissed as to her. Jurisdiction was retained in the other case which involved more than the jurisdictional amount.

In the later case of *Farwell* v. *Becker,* 129 Ill. 261, there was a bill against two defendants for contribution, one being found liable in a sum exceeding $1000 and the other in a lesser amount. The Appellate Court reversed the decree as to both of the defendants and on appeal to this court it was held that we had no jurisdiction of the appeal as to the defendant who was decreed to pay less than $1000. It was held in that case that where the amount of a decree against each of two defendants is separate and distinct, the two amounts cannot be united so as to confer jurisdiction on this court of an appeal from the Appellate Court, but each must be treated as a separate suit.

In *Aultman & Taylor Co.* v. *Weir,* 134 Ill. 137, it was held that this court had no jurisdiction to review a judgment of the Appellate Court affirming a decree dismissing a creditor's bill, where the judgment sought to be collected is less than $1000 and that the judgments of several complainants could not be added together to make up that sum. To the same effect is the case of *Hutmacher* v. *Anheuser-*

*Busch Brewing Ass'n,* 198 Ill. 613, and *Merritt* v. *Crane Co.* 225 id. 181.

In *Fehr Construction Co.* v. *Postl System,* 288 Ill. 634, several contractors and subcontractors, by bill and intervening petitions sought to enforce various mechanics' liens which were permitted ·to be joined, as in this case by a special statute. This court held: "The suits for liens are distinct and separate suits, permitted to be joined and prosecuted under the statute as one general suit or proceeding, but must be considered as several and distinct claims or suits for the purpose of determining our jurisdiction on review by *certiorari.* The writ must therefore be dismissed as to said three suits, as we have no jurisdiction to review any of the decrees."

These authorities are applicable to the present Civil Practice act and, as above noted, none of the separate judgments amount to the sum of $1500. It necessarily follows that the motion to dismiss the appeal must be allowed, and the appeal is accordingly dismissed.

*Appeal dismissed.*