(No. 31896.

Frederick Seeds *et al.*, Appellants, *vs.* Chicago Transit Authority, Appellee.

*Opinion filed September 21, 1951.*

WILLIAM H. ARPAIA, and HARRY W. ALTMAN, both of Chicago, for appellant.

WERNER W. SCHROEDER, WILLIAM S. ALLEN, FRED J. O'CONNOR, and ARTHUR J. DONOVAN, (JAMES O. DWIGHT, and JAMES E. HASTINGS, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiffs, Frederick Seeds, Mrs. James A. Wood, and George Seeds, filed a joint suit in the circuit court of Cook County to recover damages for personal injuries alleged to have resulted from the negligence of the defendant, Chicago Transit Authority, in operating one of its passenger buses. The jury returned verdicts in favor of all three plaintiffs, and found plaintiff Frederick Seeds not guilty of the negligence charged in a counterclaim. The trial court overruled motions for judgment notwithstanding the verdict and for a new trial and entered judgment on the respective verdicts. The Appellate Court reversed all three judgments and remanded the cause, with directions to enter judgment in favor of the defendant. The cause is here on leave to appeal, granted by this court.

On May 6, 1947, at about 6:30 P.M., Frederick Seeds was driving his 1929 Oldsmobile sedan automobile in a northwesterly direction along Higgins Road, a four-lane highway in the city of Chicago. Riding as guests with him were his father, George Seeds, his sister, Mrs. James A. Wood, and her husband, together with their small baby. The brother-in-law, James A. Wood, was riding in the front seat, while the father, sister, and the baby occupied

the rear seat of the automobile. Proceeding in the same direction, and immediately in front of the Seeds car, was a passenger bus operated by the defendant. Both the bus and the Seeds car were proceeding along the inside lane, near the middle line of the street. The pavement was wet from a rain which had fallen a short time earlier in the afternoon. The bus stopped for the purpose of discharging passengers at Meade Avenue, whereupon the right front of the Seeds car came in contact with the left rear portion of the bus, causing some damage to both vehicles.

Count 1 of the complaint charged that the negligent operation of the bus resulted in personal injuries to Frederick Seeds, the driver of the Seeds car. Count 2 contained the same charge of negligence against the defendant and alleged resultant injuries to Mrs. James A. Wood. Count 3 was the same as count 2 except that George Seeds was the plaintiff alleged to have received the resultant injuries. Defendant's counterclaim charged that the negligence of plaintiff Frederick Seeds, at the time of the occurrence, caused damage to its bus. The jury, in separate verdicts, awarded $100 damages to Frederick Seeds, $300 to his father, George Seeds, and $4600 to his sister, Mrs. James A. Wood. Separate judgments were accordingly entered on the respective verdicts. Plaintiff Frederick Seeds was found not guilty of the negligence charged in the counter-claim. On appeal, the Appellate Court found, as a matter of law, that Frederick Seeds was guilty of contributory negligence. The Appellate Court also found, as a matter of law, that the negligence of Frederick Seeds was the proximate cause of the injury to his father, George Seeds, and his sister, Mrs. James A. Wood, who were guests riding in his automobile at the time of the occurrence.

At the outset of the case we are confronted with the question of this court's jurisdiction to consider the appeal, insofar as it relates to the plaintiffs Frederick Seeds and George Seeds. This court has only such appellate juris-

diction as is given to it by law, and of its own motion may inquire into the matter of its jurisdiction regardless of whether or not the parties raise that question. (*Prudential Ins. Co.* v. *Hoge,* 359 Ill. 36.) It must be remembered that in the complaint the causes of action of the three plaintiffs were kept separate and distinct. The first count charged that negligent acts of the defendant resulted in personal injuries to Frederick Seeds. The second count alleged that the same negligent acts resulted in personal injuries to Mrs. James A. Wood. The third count made the same charge on behalf of George Seeds. The jury returned separate verdicts, responsive to the separate counts in the complaint. Separate judgments were entered in accordance with the separate verdicts of the jury. This joinder of parties and causes of action was permissible under section 23 of the Civil Practice Act. Ill. Rev. Stat. 1949, chap. 110, par. 147.

The jurisdiction of this court to entertain the appeal arises out of the provisions of section 75 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 199,) which makes a judgment of the Appellate Court final, except upon issuance of a certificate of importance, in all cases sounding in damages where the judgment in favor of plaintiff, exclusive of costs, shall be less than $1500. The only judgment in the cause which exceeds the jurisdictional amount of $1500 was the judgment for $4600 rendered in favor of the plaintiff Mrs. James A. Wood. Under the prohibition of the statute we are not permitted to review the other two judgments, which were rendered for amounts less than that required to confer jurisdiction upon this court. Nor does the statute permit the three judgments to be added together or tacked one to the other in order to confer jurisdiction. (*Antosz* v. *Goss Motors, Inc.* 378 Ill. 608.) And the facts that the three causes of action arose out of the same transaction, and that the same evidence is relied upon in all three, do not change this

conclusion, since it is the amount of the judgment and not the evidence by which the cause is sought to be established or defeated that determines the jurisdiction of this court. (*Merritt* v. *Crane Co.* 225 Ill. 181.) The fact that the Appellate Court did in fact issue a certificate that there is fairly involved in the claim of the plaintiffs $1500 or more does not confer jurisdiction. The provision under which the Appellate Court certifies a jurisdictional amount does not apply to cases in which the judgment is in favor of the plaintiff, and, exclusive of costs, is not for $1500 or more. (*Zechman* v. *Zechman,* 391 Ill. 510.) For the above reasons, it is clear that leave to appeal was improvidently granted insofar as it relates to the judgments in favor of Frederick Seeds and George Seeds. Therefore, our further consideration of this appeal must be confined to a determination of the correctness of the judgment of the Appellate Court insofar as it relates to plaintiff Mrs. James A. Wood.

Pursuant to a finding, as a matter of law, that the proximate cause of the injury to plaintiff Mrs. James A. Wood was the negligence of another plaintiff who was the driver of the car in which she was riding as a guest, the judgment of the Appellate Court was to the effect that the trial court should have granted defendant's motion for judgment notwithstanding the verdict. A defendant's motion for a directed verdict or judgment notwithstanding the verdict preserves for review only a question of law as to whether there is any evidence, standing alone and when considered to be true, together with the inferences which may legitimately be drawn therefrom, which fairly tends to support the verdict of the jury; and before such question may be resolved against the plaintiff's verdict, it must appear not only that the facts bearing on such question are not in dispute, but also that reasonable men would draw the same inference from such undisputed facts. (*Berg* v. *New York Central Railroad Co.* 391 Ill. 52;

*Ziraldo* v. *Lynch Co.* 365 Ill. 197.) The rule is that in considering such a motion the trial court should consider the evidence most strongly in plaintiff's favor and give to it every reasonable intendment favorable to plaintiff. The court should not weigh the evidence with the same particularity as it would upon a consideration of all the evidence on a motion for new trial. This rule should follow the proceeding into the Appellate Court, and, if that court should find that there is evidence, standing alone, which tends to support plaintiff's claim, then it becomes its duty to consider other alleged errors. If, upon consideration of other alleged errors, including a consideration of all of the evidence, the Appellate Court then determines that the defendant was not in the exercise of due care, it should remand the case for a new trial. (*Blumb* v. *Getz,* 366 Ill. 273.) Where, however, as in this case, the effect of the Appellate Court's holding is that as a matter of law there is no evidence sufficient, when considered alone, to sustain the charges in the complaint, and the judgment is reversed without remanding the cause for a new trial, it becomes the duty of this court to examine the record to determine the question of law as to whether there is any evidence which, taken with its intendments most favorable to the plaintiff, tends to prove the complaint. *Humbert* v. *Lowden,* 385 Ill. 437; *Bartolucci* v. *Falleti,* 382 Ill. 168.

Confining our consideration of the evidence in favor of plaintiff Mrs. James A. Wood within the bounds prescribed by the above rule, it is disclosed that the Seeds car had been following behind the motorbus for a distance of about one and one-half city blocks; that the bus and the car, prior to the time the bus slowed down for its stop, were proceeding at the same rate of speed; that the distance between the bus and the car, as they proceeded along the street, was about 50 feet; that according to the bus driver the bus was proceeding, as shown by its speedometer, at the rate of 18 to 20 miles per hour just prior

to the time it began to slow down for the stop at Meade Avenue; that prior to the bus stop both the bus and the car were traveling along the inside westbound traffic lane near the middle of the street; that buses do not ordinarily stop to discharge passengers from the inside traffic lane; that the regular bus stop at Meade Avenue was adjacent to the outside traffic lane along the curb or edge of Higgins Road, and about 20 feet from the street intersection; that when the bus was approximately 50 or 60 feet east of the intersection with Meade Avenue, a signal was given to the bus driver that passengers desired to alight at that point; that thereupon the bus suddenly changed direction to proceed out of the inside traffic lane, into the outer lane along the right-hand side of the street, so that the passengers could be discharged along the side of the street; that the bus stopped suddenly and its rear end skidded or swerved back into the inside traffic lane along which plaintiff was riding in the Seeds car; that the bus came to rest in a diagonal position effectively blocking both westbound traffic lanes, with its front end extending about 10 or 15 feet across the Meade Avenue intersection; that an eastbound bus was approaching from the other direction so that the Seeds car could not turn left into the eastbound traffic lane; that the car did not strike the bus directly in the rear, but contacted only the extreme left rear corner of the bus; that Frederick Seeds immediately applied his brakes when the bus started to slow down and put the brakes on hard when the bus began to skid back into the inside traffic lane, along which his car still was traveling; that the brakes on the Seeds car were in good condition; that the Seeds car was about 30 to 40 feet behind the bus when the bus stop lights went on; and that the bus could not be brought to a full stop, traveling 18 to 20 miles per hour, in less than 50 feet after its brakes were applied, except in case of an emergency. It is argued that the Seeds car was proceeding so fast that immediately after

the impact it was propelled 33 feet before it could be brought to a stop. The most favorable evidence on this matter was that given by the witness Meggison, who was following about 25 feet behind the Seeds car at the same rate of speed as the bus and the Seeds car were progressing. He testified that he saw the stop lights come on the bus when it was about 15 feet from Meade Avenue, which was past the regular bus stop, then saw the stop lights of the Seeds car go on and remain on until the point of impact; and that the Seeds car then swerved into the eastbound traffic lane and its stop light went off. The witness James A. Wood testified that immediately after the impact Frederick Seeds released the brakes of the car and coasted along the side of the bus, out of the eastbound traffic lane back into the westbound lanes, bringing the car to a complete stop. This testimony tends to refute any inference that the Seeds car was out of control at the time of the occurrence.

We are of the opinion, without giving any consideration to the weight of the evidence, that the evidence taken in its aspects most favorable to plaintiff, standing alone, tends to show that the Seeds car was following approximately 50 feet behind the defendant's bus, while both were traveling 18 to 20 miles per hour, or at a rate of about 29 feet per second; that while this distance was apparently reduced to 30 or 40 feet at the time the bus driver applied his brakes and illuminated the stop lights on the bus, there is no evidence that Seeds had increased his speed, and it could be inferred that the distance between the two had been suddenly decreased when the bus driver took his foot off the accelerator preparatory to stopping the bus. From this evidence and the evidence that the bus could not be brought to a stop in less than 50 feet, while traveling 18 to 20 miles per hour, it could be concluded that, from the time the brakes were first applied on the bus, Seeds had a right to expect that he would have not less than 80 to 90 feet in which to bring his car to a stop. Frederick Seeds

testified that when the bus stop lights went on, he immediately applied his brakes and, if his reaction time was only one second, he would have traveled only 29 feet before applying his brakes and would have had all the remaining distance of 51 to 61 feet in which to come to a stop. The evidence shows that other cars were in the line of traffic, traveling at the same rate of speed, behind the Seeds car and the bus, and that the car only 25 feet behind the Seeds car was able to come to a stop without incident. There was also evidence that the bus was traveling along the inside traffic lane as it approached and passed the regular bus stop at Meade Avenue; that the bus unexpectedly swerved out of that traffic lane towards the outside lane of Higgins Road, suddenly applied its brakes, skidded back in front of the Seeds car and came to a full stop, obstructing both traffic lanes. The evidence which we have recounted, standing alone, when considered to be true, together with the legitimate inferences which could be reasonably drawn therefrom, tends to show that the bus was brought to a sudden and abrupt stop, so as to obstruct the highway along which it had been traveling, without having due regard for following traffic, and that plaintiff Mrs. James A. Wood was injured as a proximate result of such negligence.

Six witnesses for the plaintiffs testified that at the time of the impact the bus had just come to a stop at a 45 degree angle, diagonally across both westbound traffic lanes of Higgins Road. Immediately after the occurrence one witness made an actual measurement of the position of the bus in the street. He found the right front wheel was two feet from the right curb line, while the left rear wheel was 16 inches from the center line of Higgins Road, thus effectively blocking both traffic lanes for westbound cars. Despite this evidence eight witnesses who were passengers on the bus testified that the bus came to a stop

in the outside traffic lane of Higgins Road near the edge of the pavement and parallel with it. Witnesses for plaintiffs testified that the bus came to a sudden or abrupt stop after the rear end had skidded back into the inside traffic lanes along which plaintiffs' car was traveling. Nevertheless, seven witnesses who were riding on the bus testified that the bus had come to an even, regular, full stop and had discharged some passengers before the collision occurred. This evidence, considered with the other evidence in the record, was material on the question of whether the negligent acts, with which defendant was charged in the complaint, were the proximate cause of the injuries to plaintiff Mrs. James A. Wood, or whether she was injured as a result of negligence on the part of the driver of the car in which she was riding.

The testimony of the occurrence witnesses was highly conflicting, and the facts bearing on the question of the proximate cause of the injury were in dispute. We have already determined, as a matter of law, that there was sufficient evidence in the record to authorize the submission of the charges contained in the complaint to the jury. The applicable rule in such case is that where the evidence in an action at law tried before a jury is conflicting, and there is evidence in the record fairly tending to establish the cause of action charged in the complaint, the Appellate Court is not authorized to reverse a judgment for the plaintiff without remanding the cause for a new trial. (*Shutan* v. *Bloomenthal,* 371 Ill. 244.) To rule otherwise would deprive plaintiff of her constitutional right to have her action at law tried by a jury. (*Pollard* v. *Broadway Central Hotel Corp.* 353 Ill. 312.) It follows that the Appellate Court was not justified in reversing the judgment without remanding the cause for a new trial.

We have reviewed the evidence only for the purpose of determining whether or not there is any evidence tend-

ing to sustain the cause of action charged in the complaint, and nothing said herein is intended to express any view concerning the weight of the evidence.

The judgment of the Appellate Court is reversed as to plaintiff Mrs. James A. Wood, and as to such plaintiff the cause is remanded to that court, with directions to consider other errors relied upon for reversal, if any there be, and, thereupon, to either affirm the judgment of the circuit court of Cook County in favor of Mrs. James A. Wood, or reverse it and remand the cause for a new trial. For the reason that the leave to appeal was improvidently granted to review the judgment of the Appellate Court insofar as it related to plaintiffs Frederick Seeds and George Seeds, the appeal is dismissed as to them.

*Appeal dismissed in part; judgment reversed in part, and cause remanded with directions.*