Edward James, Plaintiff-Appellant, v. Checker Taxi Company, Inc., and William Bergunder, Defendants-Appellees.

Gen. No. 47,598.

First District, Third Division.
April 30, 1959.
Rehearing denied June 22, 1959.
Released for publication June 22, 1959.

Blowitz & Ozmon, by Robin Burns Herman, of Chicago, for plaintiff-appellant.

Jesmer & Harris, Michael A. Gerrard, of Chicago (Michael A. Gerrard, of counsel) for defendants-appellees.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered upon motion after trial, notwithstanding the verdict and in favor of defendant.

██ ██ Under the above circumstances the question is whether there is any evidence standing alone, when considered to be true, together with all the inferences which may legitimately be drawn therefrom, which fairly tends to support the verdict of the jury. In considering such a motion the evidence should be considered most strongly in plaintiff's favor and given every reasonable intendment favorable to plaintiff. Seeds v. Chicago Transit Authority, 409 Ill. 566, at 570–571; Bunton v. Illinois Cent. R. Co., 15 Ill.App.2d 311, at 320.

The evidence indicates that at the time of the incident of which complaint is made, plaintiff was properly on the sidewalk on Sacramento Boulevard immediately south of Madison Street. There is no evidence of any contributory negligence on the part of plaintiff. Although there is conflict in the testimony, the evidence taken in the most favorable intendments to plaintiff indicates that there was an empty soft drink bottle on the sidewalk on Sacramento Boule-

vard; that the sidewalk adjoined the curb, there being no parkway there; that defendant William Bergunder, who was the taxicab driver driving the cab of the other defendant, Checker Taxi Company, Inc., drove his cab around the corner from Madison Street onto Sacramento Boulevard at a great rate of speed, that he passed plaintiff standing on the sidewalk a considerable distance; that, when he stopped, his passenger got out of the cab; that he argued with his passenger about backing up so that the passenger could unload his packages, consisting of produce which he had bought at the market, close to his place of business; that the driver became angry and backed his cab with great speed, ran over the curb and onto the sidewalk with the rear of his automobile, and in the process thereof, into and onto a soft drink bottle, causing it to break into pieces and fly in the air, striking plaintiff in the mouth and face; and that his cab came to rest at a fire hydrant. There is no dispute as to plaintiff's injury nor objection to the amount of the verdict of $1,500 which the jury rendered.

■■ There remains in dispute only the question of defendant's negligence and of the proximate cause of the injuries of plaintiff. The existence of both negligence and proximate cause are questions of fact for the jury. In the early case of Seith v. Commonwealth Elec. Co., 241 Ill. 252, at 259, the court said:

"The rules for determining whether a negligent act or omission is the proximate cause of an injury are well established and have been applied by different courts in numerous cases to different conditions of fact. There has been practically no difference of opinion as to what the rules are, and they may be briefly stated as follows: The negligent act or omission must be the cause which produces the injury, but it need not be the sole cause nor the last or nearest cause. It is sufficient if it concurs with some other

cause acting at the same time, which, in combination with it, causes the injury . . . . It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence."

That proximate cause is a question of fact to be determined by the jury has been decided recently in this court in the case of Danhof v. Osborne, 10 Ill.App. 2d 529, at p. 540.

█ █ In this case we are not in a position of weighing the evidence, but are in a position of determining whether any evidence exists which will warrant the verdict of the jury. There is evidence in the record which, taken in its most favorable intendments, would prove that defendant was guilty of negligence in the manner in which he operated his cab by driving it upon the sidewalk, and that the injury of plaintiff was the natural and probable consequence of the negligence of defendant.

The judgment is reversed, and the cause is remanded with directions to enter judgment upon the verdict.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.